# Staunton

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v. WILLIAM H. COOK.

September 3, 1947.

Record No. 3213.

Present, All the Justices.

The opinion states the case.

*Ashton Dovell*, for the plaintiff in error.

*R. T. Armistead*, for the defendant in error.

BROWNING, J., delivered the opinion of the court.*

On the night of February 28, 1946, a collision took place between an automobile, driven by William H. Cook, and a truck owned by E. W. Maynard, driven by David Wallace, who was substituting for John Palmer. Palmer was in general and usual charge of the truck, by express permission of its owner, Mr. Maynard. Palmer and Wallace were employees of Mr. Maynard, who owned and operated a farm near the city of Williamsburg. Palmer lived a mile and a half from the Maynard home. He had been working intermittently for Mr. Maynard for some ten years. One of his duties was to take the truck to Williamsburg every morning and get garbage from William and Mary College and take it to Maynard's farm to be fed to his hogs. At first Mr. Maynard would take Palmer in his own automobile to his home at night and go for him the next morning, but this arrangement was inconvenient and unsatisfactory. It was discontinued, and Palmer by Maynard's direction began taking the truck from the farm to his own home at night where it would be in readiness for his garbage errand in the morning.

On the night of the accident Palmer drove the truck to Williamsburg on a mission of his own. There he met Wallace, whom he invited to ride with him to Crutchfield's Beer Parlor, which is about four miles from Williamsburg in the direction of Richmond. Wallace was employed as a helper on the truck. On the return trip Palmer, who had become intoxicated and was about to fall asleep, asked Wallace to drive for him; and the collision took place soon afterward.

*This opinion was prepared by Mr. Justice Browning before his death and has now been adopted as the opinion of the court.

William H. Cook, on account of the damages sustained, obtained judgment in the trial justice's court against Wallace and Palmer for the sum of $904.50. The truck was covered by a policy of liability insurance issued to its owner by the State Farm Mutual Automobile Insurance Company. Cook then instituted the action with which we are concerned in the trial justice's court against the Insurance Company. The case was removed to the circuit court, where it was heard, by consent of the parties, without the intervention of a jury. The court found as a fact that Palmer was legally using the truck with the implied permission of Maynard, and entered judgment for the plaintiff on July 23, 1946, and it is before this court on a writ of error.

The points involved are succinctly stated in the brief of the defendant in error, as follows:

1. "Should the writ of error be dismissed as being improvidently awarded because the petition does not comply with the rules of court and because of the failure of the plaintiff in error to give bond under its corporate seal."

2. "Is an employee, entrusted with the use of a motor vehicle, who is permitted to take it to his home and not prohibited from using it for his own pleasure, legally using or operating the same with the permission, express or implied, of the owner, when the said motor vehicle is being used for the employee's own pleasure."

3. "Is a declaration, made by a defendant insurance company, pursuant to Section 2154 (a34) of the Code of Virginia, [Supp. 1946], stating that the policy did not cover the driver of a motor vehicle involved in an accident, admissible in evidence on behalf of the defendant."

The first point is without merit. While the petition may be the subject of criticism from a technical standpoint, it presents a substantial compliance with the rules of the court.

Section 6351 of the Code of Virginia (Michie) provides that an appeal, writ of error or supersedeas shall not take effect until a bond be given "by the appellants or peti-

tioners, or one or more of them, *or some other person.*" (The italics are ours.)

The bond in this case was executed by State Farm Mutual Automobile Insurance Company by William R. Yeatts as its attorney, and by William R. Yeatts in his individual capacity, as joint principals, and by Fidelity and Deposit Company of Maryland as surety. We think its execution by Yeatts as principal, with his seal, and by the bonding company, as surety, satisfies the requirements of the statute.

We come now to a discussion of the second point, which involves the question of whether an employee entrusted with the use of a motor vehicle, who is permitted to take it to his home and not prohibited from using it for his own pleasure, is legally using or operating the same with the permission, express or implied, of the owner, when the motor vehicle is being used for the employee's own pleasure.

In addition to the statement of facts already made, we should say that when Mr. Maynard directed Palmer to take the truck and keep it over nights at his own home, there was no inhibition of the use of it by Palmer for his own pleasure and purposes; that on occasions he used the truck to get groceries for himself; that Mr. Maynard saw him on one occasion making such use of the truck, which he did not forbid; that Palmer had got permission from Maynard at different times to use the truck for his own purposes, but since he went to work for Maynard the last time, in November, 1945, he had used the truck for his own purposes without asking permission, and Maynard had never told him not to use it for his own purposes; that since the accident he has continued to take the truck to his home, and that the only condition imposed by Mr. Maynard was that if he used it in the future for his own purposes, "it would be on his own hook." It is in evidence that the trip to Crutchfield's Beer Parlor was without the knowledge of Maynard and was not in pursuance of any duty to him or business of his.

The Insurance Company takes the position that John Palmer was not an additional insured under the terms of the policy.

Section 4326a of the Code of Virginia was amended in 1934, so as to embrace what is now known as the "omnibus clause." This is incorporated in the policy.

As its name implies, the coverage is not restricted to the named insured but is expressly extended to embrace and include "any person legally using or operating the same (motor vehicle) with the permission, express or implied, of such owner." (Matter in parenthesis supplied.)

The ambiguous wording of the 1934 amendment to section 4326a was discussed and its meaning clarified in the recent case of *Lumbermens Mut. Cas. Co.* v. *Indemnity Ins. Co.*, 186 Va. 204, 42 S. E. (2d) 298. It was there said (186 Va. 213) that the amendment "evidently was conceived for the benefit of the party who had suffered damage by the negligent use of the insured's car when operated by another with the permission of the owner. This was accomplished by requiring every automobile liability policy sold in Virginia to contain an omnibus clause extending the same coverage as that given the named insured to one legally operating the car with the owner's permission, express or implied."

Words of the statute of further broadening effect are these, relating to the use of the motor vehicle, at the time of an accident: " * * * , unless there shall be contained within such policy a provision insuring such owner against liability for damages for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner *or otherwise*, * * * * * ." (Italics are ours.)

We cannot ignore the obvious significance of the words, "or otherwise," which is not to confine the operation of the motor vehicle at the time to the precise business of the owner.

Industrial development and the march of progress in every line of endeavor have enlarged the field of human con-

troversy, which is shown by increased litigation, which in turn has multiplied statutory enactment designed to apply to and meet changed conditions and situations.

This has brought about two schools of judicial thought as to the matter with which we are now concerned. Some courts take the view, broadly stated, that express permission for a given purpose implies permission for all purposes. *Stovall* v. *New York Indemnity Co.*, 157 Tenn. 301, 8 S. W. (2d) 473, 72 A. L. R. 1368, and annotation beginning at page 1375; *Dickinson* v. *Maryland Cas. Co.*, 101 Conn. 369, 125 A. 866, 41 A. L. R. 500.

Other courts adhere to a somewhat stricter construction and hold that before the person using the automobile becomes an additional assured under the omnibus clause, permission must be expressly or impliedly given for that use. See cases cited in annotation, *supra*, 72 A. L. R. at page 1403.

We hold to the latter view in Virginia. In *Sordelett* v. *Mercer*, 185 Va. 823, 40 S. E. (2d) 289, we said (185 Va. 835) in reference to the meaning of the concluding sentence of section 4326a involved here that "the express or implied permission referred to in the statute means the express or implied permission to use or operate the motor vehicle either in the business of the owner or for any other purpose for which express permission was given or as to which it may be implied that permission was given. Permission to do a specific thing is not permission to do all things." To the same effect are *Phoenix Indemnity Co.* v. *Anderson*, 170 Va. 406, 196 S. E. 629; *Jordan* v. *Shelby Mut. Plate Glass, etc., Co.*, 4 Cir., 142 F. (2d) 52; *Frederiksen* v. *Employers' Liability Assur. Corp.*, 9 Cir., 26 F. (2d) 76.

The fact that the *Dickinson Case* (*Dickinson* v. *Maryland Cas. Co., supra*) was quoted from extensively in *Maryland Cas. Co.* v. *Hoge*, 153 Va. 204, 149 S. E. 448, has been taken to mean that this court preferred the view that permission for one use was permission for all uses. (*Jones* v. *New York Cas. Co.*, 23 F. Supp. 932). But the *Hoge Case* held

that it was perfectly clear from the facts of that case that the named insured's wife, who was driving the automobile, had full and complete permission from her husband to use it on the occasion when the accident occurred. That conclusion decided that case and the quotation added from the the *Dickinson Case* does not evince a purpose to go beyond those facts and hold that permission to use the car for one purpose is permission to use the car for any purpose. It is not at all clear that even the *Dickinson Case* meant so to hold. A fair appraisal of the holding in the *Dickinson Case* is thus stated in *Frederiksen* v. *Employers' Liability Assur. Corp., supra:*

"The majority of the court, two of the five judges dissenting, held that, the owner having given permission to another to take the car and operate it on the streets of New Haven in order to go to his home, it would be an unreasonable curtailment of the permission granted to hold that any deviation or departure from the purpose so indicated annulled the permission, that the deviations from the permitted use were slight, and in the use of a swiftly moving automobile were too unimportant to have attached to them the import of annulling the protective features of the insurance policy."

The trend in Virginia of legislative enactment as well as judicial determination and construction has been towards liberalizing and broadening the coverage provisions of liability insurance policies. That this is so is evidenced by the enactment by the state legislature in 1944 of what is known as the Safety Responsibility Act, Code of Virginia (Michie), Cumulative Supp., 1946, section 2154 (a12):

"(6) No statement made by the insured or on his behalf and no violation of the terms of the policy, shall operate to defeat or avoid the policy so as to bar recovery within the limits provided in this act."

But even so, regard must be had to the words used in the statute to determine the meaning of the statute, and the meaning as determined should be given effect. The permission, "express or implied," from the owner, necessary

to make the operator of the car an additional assured, must be either an express permission or a permission reasonably to be implied from the circumstances of the case.

A case of implied permission is *Hinton* v. *Indemnity Ins. Co.*, 175 Va. 205, 8 S. E. (2d) 279, where it said (pp. 213-14):

"Under the Virginia statute, the permission of an assured in a liability insurance policy, to bind the insurance company, may be either express or implied. To be express, it must be of an affirmative character, directly and distinctly stated, clear and outspoken, and not merely implied or left to inference. On the other hand, the correlative word, 'implied,' as defined in Webster's New International Dictionary (2d Ed.), means "inferential or tactily conceded.' It involves an inference arising from a course of conduct or relationship between the parties, in which there is mutual acquiescence or lack of objection under circumstances signifying assent. An implied permission is not, therefore, confined alone to affirmative action."

" * * * *

" 'The word "permission" has a negative rather than an affirmative implication; that is, a permitted act may be one not specifically prohibited as contrasted to an act affirmatively and specifically authorized. That it appears in automobile policies would indicate that anyone having permission or color of authority is included within the clause. * * * '. *Brower* v. *Employers' Liability Assur. Co.* (1935), 318 Pa. 440, 177 A. 826, 829."

Adverting now to the factual phase of the case under consideration, the question of whether Palmer had the implied permission of Maynard to use the truck on his mission to the beer parlor on the night of the accident is one of fact. The judge of the court sat and heard the case as a jury and we are bound by his judgment unless forbidden to be so for some sound legal reason. None such appears here. To the contrary, the court's conclusion that permission from Maynard to Palmer to use the truck

ought to be implied in the case is well warranted by the evidence.

Point No. 3 is without merit. The declaration referred to was not evidence. It was a self-serving statement which was inadmissible.

For the reasons stated the judgment is

*Affirmed.*