Maxine **DAVIS**, Appellant,

v.

**ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY**, Limited, Appellee.

No. 7104.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 9, 1956.
Decided Jan. 12, 1956.

Stanley J. Bangel, Portsmouth, Va. (Bangel, Bangel & Bangel, Portsmouth, Va., on brief), for appellant.

Harry N. Gustin, Norfolk, Va. (Preston P. Taylor, Norfolk, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from judgment for defendant in an action to recover on a policy of automobile liability insurance. The only question in the case is whether one Bailey was operating the automobile with the express or implied permission of the owner, Catlett, at the time of the accident out of which the claim arises. The jury so found, but the trial judge sustained a motion for judgment n. o. v. on the ground that there was no evidence to sustain the verdict. Catlett testified that he allowed Bailey to drive the automobile to take one Hannah to the office of a physician, but that he was to "come right back and be careful". There was no evidence that any other permission express or implied was given Bailey to drive the car on this occasion. The collision occurred some twelve miles from the physician's office at a place where Bailey had taken plaintiff in the car without any permission of Catlett express or implied. Under the law of Virginia this may not be held a use of the automobile with the permission of the owner even though the use in driving to the physician's office was with his permission. Sordelett v. Mercer, 185 Va. 823, 40 S.E.2d 289, 294; State Farm Mutual Automobile Ins. Co. v. Cook, 186 Va. 658, 43 S.E.2d 863, 5 A.L.R.2d 594; Hartford Accident, etc., Co. v. Peach, 193 Va. 260, 68 S.E.2d 520; Jordan v. Shelby Mutual Plate Glass & Casualty Co., 4 Cir.,

142 F.2d 52; Continental Casualty Co. v. Padgett, 4 Cir., 219 F.2d 133; Mason & Dixon Lines, Inc., v. Martin, 4 Cir., 222 F.2d 328.

Affirmed.