Margaret BAKER, Administratrix, Estate of Dot John Baker, deceased,

and

State Farm Mutual Automobile Insurance Company, a corporation, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Vergie Ellen LEWIS, Plaintiff,

v.

UNITED STATES of America, Defendant.

Percy WALLER, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. Nos. 3015–52, 5807–52, 5808–52.

United States District Court
District of Columbia,
Civil Division.

March 14, 1958.

J. Joseph Barse, Washington, D. C., for plaintiffs.

William R. Rafferty and Joseph A. Rafferty, Jr., Asst. U. S. Attys., Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

This action arises out of an automobile collision between an automobile driven by Dot John Baker, deceased, and an army pick-up truck driven by Sergeant Levi H. Graves on Route 2, Caroline County, Virginia, some two and one-half miles north of Bowling Green, Virginia. Plaintiffs are seeking recovery under the Federal Tort Claims Act.[1]

When tried originally before this Court, judgment was rendered for the defendants. The Court ruled that Sgt. Graves was negligent, but under the Federal law then applicable, he was not acting within the scope of his employment so as to hold the Government liable for his negligence.[2] Subsequent to this decision the United States Supreme Court decided Williams v. United States,[3] which arose out of a substantially similar situation, and held that state rather than federal law with respect to respondeat superior should apply.[4] On the basis of this Supreme Court decision, the Court of Appeals for the District of Columbia reversed the previous decision of this Court and remanded for the application of Virginia law (the law of the site of the accident) to the agency question.[5]

The Court has heard further argument on the applicable Virginia law and on damages. No further testimony was taken since it was agreed by both parties that the case should be submitted for the Court's decision on the original record.

The Court finds that Sgt. Graves was negligent and that his negligence proximately caused the injuries and death of the respective plaintiffs. The Court finds that Sgt. Graves was going south toward Bowling Green at the time of the accident; that he cut into the lane of oncoming traffic and struck a lead vehicle driven by the deceased's brother and then collided head-on into the vehicle driven by the deceased. The plaintiffs were not contributorily negligent. The facts supporting these legal conclusions are more fully reported in the Court's previous opinion[6] and they are specifically made a part of this memorandum by reference.

On the agency question, the Court found in its original opinion that the facts were unclear and therefore the plaintiff had not sustained the burden—which was his under the then applicable federal law—of proving the respondeat superior relationship. The Court said:

"While we doubt that one going to get a haircut under the prevailing circumstances would be acting in line of official duty, we need not reach this issue as plaintiffs have failed to establish exactly what Sergeant Graves was doing at the time of the accident. * * * For some unexplained reason he had either been to Bowling Green and was again going there, or had never been to Bowling Green and was going there for the first time on some venture unknown to the Court. * * * Upon consideration of the oral arguments and written briefs, and upon all the evidence presented in open court and filed here, the Court concludes plaintiffs have failed in their burden of proof to establish that defendant was within the scope of his employment at the time of the accident."[7]

Under Virginia law, however, plaintiffs have the advantage of a pre-

1. Pertinent provisions of the Act are 28 U.S.C.A. § 1346(b) and 28 U.S.C.A. § 2671.

2. The previous decision of the Court is reported in Baker v. United States, D.C. 1955, 127 F.Supp. 644.

3. 1955, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761.

4. This holding of the court reversed the rule established in many federal cases. Williams v. United States, 9 Cir., 1954, 215 F.2d 800, 806–810; United States v. Inmon, 5 Cir., 1953, 205 F.2d 681, 684; Field v. United States, D.C.N.D.Ill.1952, 107 F.Supp. 401, 403–405; Hubsch v. United States, 5 Cir., 1949, 174 F.2d 7, 9–10; United States v. Sharpe, 4 Cir., 1951, 189 F.2d 239, 241.

5. Baker v. United States, 1956, 97 U.S. App.D.C. 281, 230 F.2d 831.

6. Baker v. United States, D.C.1955, 127 F.Supp. 644.

7. Footnote 6, supra, 127 F.Supp. at page 648.

sumption of agency which arises when it is established that the defendant is the owner of the car. The strength of this presumption, as interpreted by the Virginia courts is stated as follows: "In Virgina, we have followed the rule adopted by the great weight of authority that in an action for injuries caused by the negligent operation of an automobile proof that the automobile was owned by the defendant establishes a prima facie case that the automobile was being operated by the defendant or someone for him, under circumstances making him liable therefor. However, this is merely an inference or presumption that may be rebutted, with the burden of overcoming it resting upon the defendant. * * * This prima facie presumption, like other presumptions, cannot stand in the face of *positive facts* to the contrary. * * * Presumptions give way to *ascertained* or *established facts.*" [8]

More recently the Virginia Supreme Court reiterated this language: "Defendants admitted that they owned the truck and that Wynn was employed by them. There was, therefore, a rebuttable presumption that at the time of the accident the truck was being driven in their service; but this presumption disappears in the face of *positive facts* to the contrary."[9]

It is, therefore, under Virginia law the government's burden to prove by positive facts that the presumption of agency is false in this case.

■ The Court has carefully examined the record of this case and considered the arguments of counsel and adheres to its original finding that the facts with respect to the question of whether Sergeant Graves was acting within the scope of his employment are unclear. The Court finds that, applying Virginia law, the government has not rebutted the presumption of agency which is present.

On the one hand, Sergeant Graves testified that he had gone to Bowling Green, without a trip ticket, to get a haircut and he was returning, going north, when the accident occurred. At the same time, based on the testimony of the police officer who investigated the case and the testimony of the passengers in the preceding car, the Court finds as a matter of fact that Sergeant Graves was travelling south, toward Bowling Green, at the time of the accident. There was testimony by the motor pool officer and the Post Commander that a trip ticket was necessary before any army vehicle could be used for travel. Yet there was also testimony that the practice with respect to issuance of trip tickets had become very lax and that trip tickets were frequently issued a day in advance, or even retroactively. Sergeant Graves himself testified that despite the seeming pleasure-purpose of his trip, had an authorizing person been available (it was a holiday and all personnel were on pass) he felt he would have had no trouble getting authorization for this trip.

Further mystery is cast upon the circumstances of this trip in view of the disappearance of all the trip tickets for the day in question. Sergeant Graves was court-martialed for wrongful appropriation of a motor vehicle, a process arising out of this accident. At the time of the court-martial, July 29, 1952, the trip tickets for the 23rd of February were available and Sergeant Graves was acquitted. Plaintiff attempted to subpoena the trip tickets of that day and was informed by the government that they had been destroyed.

It should be noted further that Sergeant Graves had possession of the vehicle twenty-four hours a day and never relinquished the key. He used the vehicle to drive from his home to the post to get his meals. His duty as caretaker or steward of the officers' lodge, seven miles from camp, gave him considerable independence to decide when to work and when not to. Despite the fact that the entire post was on pass that week end,

8. Kavanaugh v. Wheeling, 1940, 175 Va. 105, 7 S.E.2d 125, 128, emphasis added.

9. McNeill v. Spindler, 1950, 191 Va. 685, 62 S.E.2d 13, 17, emphasis added.

Sergeant Graves was on duty, on his own initiative, by his own testimony, from 8:00 A.M. to 5:00 P.M. the day of the accident. Whether in this situation Sergeant Graves was on a trip into Bowling Green for the purpose of acquiring something for the officers' lodge, or whether he had implied permission to use the army vehicle for any purpose, is unclear.[10]

In the light of this record the Court finds that the government has not sustained its burden of proving by positive facts that the presumption of agency is untrue. The Court finds, therefore, that Sergeant Graves, at the time of the accident, was acting within the scope of his employment, and, therefore, the United States is liable for his negligence which proximately resulted in plaintiff's injuries.

This brings the Court to a discussion of the issue of damages.

It was stipulated by the parties that should a judgment be awarded for the plaintiffs in this case, State Farm Mutual Automobile Insurance Company has been damaged in the sum of $663. Wherefore, the Court awards judgment for the State Farm Mutual Automobile Insurance Company for this sum.

In the case of Percy Waller, taking into consideration his elements of special damage, loss of wages and hospital expenses, totalling $345, and the pain and suffering sustained because of his fractured rib, the Court awards the plaintiff a judgment of $950.

In the case of Vergie Ellen Lewis, after reviewing her items of special damage totalling at most $211 (there is some doubt with respect to her loss of wages) and considering the pain and suffering attendant upon her injury, the Court awards the above plaintiff a judgment of $550.

In the case of Margaret Baker, Administratrix, Estate of Dot John Baker, deceased, the Court has considered the deceased's earnings of $57.60 a week, his life expectancy of 38.61 years, the funeral expenses of $537.96, and the other factors introduced into the record, and finds for the above plaintiff in the sum of $12,000.

Counsel will present the appropriate order.

10. See Va.Code 1950, § 38-238, State Farm Mutual Automobile Insurance Company v. Cook, 1947, 186 Va. 658, 43 S.E.2d 863, 5 A.L.R.2d 594.