**MARYLAND CASUALTY COMPANY, Plaintiff,**

v.

**Lowell BAKER, Otto A. Strampfer III, Randy McKay, and C. Woodrow McKay, Defendants.**

No. 923.

United States District Court
E. D. Kentucky,
Covington Division.
July 21, 1961.

---

**236**

Blakely, Moore & O'Hara, Covington, Ky., for plaintiff.

Jack V. Baker, Erlanger, Ky., for defendant Lowell Baker.

Harry L. Riggs, Jr., Erlanger, Ky., for remaining defendants.

SWINFORD, District Judge.

This action for a declaratory judgment was brought pursuant to 28 U.S. C.A. § 2201 and Rule 57, Federal Rules of Civil Procedure, 28 U.S.C.A. It is now under submission for final judgment on the record, stipulations and depositions.

Before reaching the merits of the action, the court examined the complaint and found that sufficient facts to invoke the jurisdiction of this court are neither alleged therein, nor do they otherwise appear in the record.

Jurisdiction is predicated upon diversity of citizenship. Section 1332 (a) (1), Title 28 U.S.C.A. gives jurisdiction to the district court in civil matters where the amount in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between "citizens of different States." Subsection (c) further provides that for purposes of such jurisdiction "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Thus, in order for the requisite diversity to exist in this case, not only must the plaintiff have been incorporated in a state other than that of which the defendants are citizens, but its principal place of business must also be in some other state. Canton v. Angelina Casualty Co., 5 Cir., 279 F.2d 553; Kelly v. United States Steel Corp., 3 Cir., 284 F.2d 850.

Rule 8(a) (1), Federal Rules of Civil Procedure, requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends. The complaint herein alleges that the plaintiff is a corporation under the laws of the State of Maryland and a citizen thereof. Such an allegation does not negative the possibility that the plaintiff's principal place of business is in Kentucky which is alleged and admitted to be the state of which all the defendants are citizens.

Further, it does not appear from facts alleged in the complaint that the jurisdictional amount of more than $10,000 is involved. It is true the policy is for $25,000 for bodily injuries, and there is an allegation that the defendant Randy McKay is claiming to be seriously injured and that claims are being made. But there is no amount of claim stated and no allegation that the maximum limits of the policy are involved.

It is also true that the better reasoning is against a narrow construction of the contractual relations of parties for the purpose of a declaratory judgment action, and where insurance policies on their face fix liability at more than the jurisdictional amount Federal courts should and do take jurisdiction. United States Fidelity & Guaranty Co. v. Pierson, 8 Cir., 97 F.2d 560. But that is not this case. Here it is alleged that claims are being made against the plaintiff, but no amount is stated. It may well be assumed that the injury was slight. The words "seriously injured" are relative. The alleged claims may not aggregate the jurisdictional amount. Cf. Canadian Indemnity Co. v. Republic Indemnity Co., 9 Cir., 222 F.2d 601; Kaufman v. Liberty Mutual Ins. Co., 3 Cir., 245 F.2d 918; Jefferson v. Liverpool & London & Globe Ins. Co., D.C., 167 F.Supp. 389, 393. The bare allegation that the amount in controversy exceeds $10,000, exclusive of interest and costs, is not sufficient. Fischler v. McCarthy, D.C., 117 F.Supp. 643, affirmed 2 Cir., 218 F.2d 164. The De-

claratory Judgment Act does not alter the jurisdictional amount required, Commercial Casualty Ins. Co. v. Fowles, 9 Cir., 154 F.2d 884, 165 A.L.R. 1068; and while it is important that the Act be liberally construed, courts must not lessen the jurisdictional requirements any more than in any other type of case. Mutual Life Ins. Co. of New York v. Moyle, 4 Cir., 116 F.2d 434.

■ It follows that the court must, under Rule 12(h) (2), Federal Rules of Civil Procedure, dismiss the action for want of jurisdiction unless it is made to appear that jurisdiction does, in fact, exist. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. To this end, the plaintiff should have an opportunity to so amend its complaint. 28 U.S.C.A. § 1653. Should the plaintiff elect not to amend, defendant Lowell Baker may file motion to be permitted to amend his answer for the purpose of having the record show that the necessary diversity of citizenship and the requisite amount for jurisdiction of this court existed at the commencement of the action. See Keene Lumber Co. v. Leventhal, 1 Cir., 165 F.2d 815, 819.

If, as a matter of fact, diversity jurisdiction did actually exist and the required amount was involved at the time the complaint was filed, the improper pleading of jurisdictional facts did not deprive the court of jurisdiction as of the time the action was commenced if the defective pleading is corrected by amendment within the time to be prescribed by order of this court. Stern v. Beer, 6 Cir., 200 F.2d 794. Since it is probable that jurisdiction did actually exist at the time the complaint was filed, it seems appropriate to consider the merits of the action at this time. Cf. Brooks v. Yawkey, 1 Cir., 200 F.2d 663.

The facts will be summarized briefly.

The plaintiff through its agent, the Donaldson Insurance Agency, Inc. of Appalachia, Virginia, on or about July 1, 1958, issued to Millard Filmore Baker of Dunbar, Virginia, the father of defendant Lowell Baker, an automobile insurance policy (No. 3–2550304) covering the operation of three automobiles. One of the cars covered by the policy was a 1952 Ford, the title to which was in the name of the policy holder but the equitable ownership of which was in the defendant Lowell Baker, his son, who was then 20 years of age and was a citizen and resident of Kentucky.

On March 28, 1959, while the above policy was still in effect, defendant Baker, then 21 years of age, purchased another automobile, an Austin Healey Sprite, at Covington, Kentucky, trading in the 1952 Ford as a part of the purchase price. He financed the purchase through a Cincinnati, Ohio, bank, took title in his own name and had the car registered in Campbell County, Kentucky. During the course of the purchase, a telephone call was made from the automobile agency in Covington to the Donaldson Insurance Agency in Appalachia. The defendant Baker talked with Miss Ellen Rutherford, the Secretary of the corporation, concerning insurance for the Austin. He told Miss Rutherford that he was taking title to the car in his own name, that he wanted to transfer his liability insurance from the Ford to the Austin and also pick up fire, theft and $100 deductible collision coverage. On the basis of this conversation, the Donaldson Agency dropped the Ford from and added the Austin with the additional coverage to the Family Automobile Policy of Millard Filmore Baker and billed the elder Baker for the additional premium cost for the remainder of the policy year.

On July 1, 1959, a new policy (No. 3–2240274) was issued to Millard Filmore Baker. It provided liability, property damage, medical payments and collision coverage for the Austin Healey. The policy was to expire on July 1, 1960. The Donaldson Agency mailed a copy of the policy to defendant Baker at his residence in Erlanger, Kentucky. The policy purported to have been issued in consideration of the facts, among other things, that a male operator un-

der 25 years of age who was a resident of the household of the named insured and would be operating the Austin was not the owner or principal operator of that car.

Periodically after receipt of the new policy, defendant Baker made payments on the insurance premium to the agency. Some of these payments were made in cash and others were made by money orders mailed from Erlanger, Kentucky.

Upon receipt of his new policy and discovery that it covered the Austin, the elder Baker consulted Miss Rutherford. Specifically, he questioned whether, in light of Lowell's place of residence and ownership of the car, the correct collision classification had been assigned to the Austin. Miss Rutherford indicated that she realized the wrong classification had been assigned, but assured Mr. Baker that the car was covered by the policy. At about the same time, Lowell visited the office of the Donadson Agency and made a payment on the amount owing for the premium on the insurance for the Austin. While there he inquired whether the "policy was alright beings it was still in my father's name and that the car was in my name and Miss Rutherford made the statement that as long as the company does not complain about a policy we write you have nothing to worry about." Miss Rutherford acknowledged the fact of Lowell's visit to the office, but she didn't recall what was said.

Thereafter, on or about August 13, 1959, defendant Baker loaned his automobile to defendant Strampfer who, while using it with Lowell's permission, accidentally wrecked the car. Defendant Randy McKay, who was riding with Strampfer at the time of the accident, claims to have been seriously injured. Defendant C. Woodrow McKay, the father of Randy who is an infant, claims to have expended certain monies on Randy's behalf as a result of the accident.

■ Defendant Baker has made a claim under the policy for the damage to his automobile, and the defendants McKay have both made claims for their damages. It is apparent that an actual controversy does exist between the litigants. Maryland Casualty Co. v. Pacific Coal & Oil Co. et al., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826.

In essence, the plaintiff asks the court to declare that it is not liable to defend any suit that may be brought as a result of the accident; to pay any sums to or on behalf of, or satisfy any judgments against, defendants Baker or Strampfer by reason thereof; and that no action will lie against it by reason of the accident. The plaintiff also asks the court to declare that no coverage was afforded to the automobile or any of the defendants at the time of the accident. All the defendants have affirmatively pleaded waiver and estoppel and for reformation of the insurance contract.

■ It should be noted at the outset that a declaratory judgment action based on an insurance policy is to determine the extent of coverage, not ultimate liability. Maryland Casualty Co. v. Faulkner, 6 Cir., 126 F.2d 175; Federal Insurance Co. v. Michigan Mutual Liab. Co., D.C., 166 F.Supp. 537.

In asserting that neither the automobile nor any of the defendants were insured within the meaning of the policy, the plaintiff relies upon the following facts, all of which the defendants concede: that the Donaldson Agency had no *actual* authority to write such a policy on its behalf; that Millard Filmore Baker, the named insured, had no insurable interest in the Austin; that defendant Baker was not a resident of the household of the named insured; and that the Austin was not garaged in Dunbar, Virginia. Relying upon these facts, the plaintiff contends that the policy was void as to the car, its owner and driver. Such reliance is not well taken if the defenses of waiver and/or estoppel are meritorious.

■ It is generally held that an insurer may validly waive, or be estopped from asserting, the lack of an insurable interest in connection with life insurance policies. Annotation 175 A. L.R. 1276, 1284. Since the rule requiring an insurable interest for the validity of such a contract is grounded upon public policy, it follows, a fortiori, that an insurer may waive lack of an insurable interest in connection with automobile insurance policies. Such is the law of Virginia, Cowles v. Ohio Farmers Ins. Co., 4 Cir., 1957, 242 F.2d 73, which is controlling in the decision of this case. Chamberlain v. National Life & Accident Ins. Co., 256 Ky. 548, 552, 76 S.W.2d 628. Actions of an agent which amount to such a waiver are binding on the insurer. Cowles v. Ohio Farmers Ins. Co., supra; Virginia Auto. Mut. Ins. Co. v. Brillhart, 187 Va. 336, 46 S.E.2d 377; Bituminous Casualty Corp. v. Baldwin, 196 Va. 1020, 86 S.E. 2d 836.

■ It follows that if the facts herein warrant a finding that the Donaldson Agency waived Millard Filmore Baker's lack of an insurable interest in the Austin and also waived the requirements of the policy that Lowell be a resident of his father's household and that the car be garaged in Dunbar, Virginia, then the automobile is covered by the policy and the plaintiff is estopped to assert such facts in denial of its liability. I am convinced that under the law of Virginia and the facts of this case there was such a waiver and that the plaintiff is so estopped.

The facts of this case are quite similar to those in the Cowles and Brillhart cases, supra. In the Cowles case the court reversed the District Court for the Eastern District of Virginia on different grounds while holding that the trial court correctly instructed the jury that "under the terms of the policy the protection afforded was entirely dependent upon ownership of the automobile by the named insured, unless this requirement was waived by the company or its agent * * *."; 242 F.2d at pages 75–76, in which event they should find for the owner who was not the named insured.

It is clear from the record that all officers of the Donaldson Agency knew that Lowell Baker was under 25 years of age and was living in Kentucky. It is equally clear that Miss Rutherford knew that Lowell took title to the Austin in his own name and that after the policy here in question was issued she, in her capacity as an officer of the agency, assured both Lowell and his father that, notwithstanding the terms of the policy and the facts known to her, the Austin was covered by the insurance. Under the rule of the Brillhart case, supra, it follows that the plaintiff, through its agent, waived all those requirements for validity of the policy which it has asserted in denying its liability. Cf. Royal Indemnity Co. v. Hook, 155 Va. 956, 157 S.E. 414.

It follows that the Austin was an "insured automobile" within the meanin of the policy and that Lowell Baker, its owner, is entitled to recover for the damage to it.

■ The omnibus clause of the policy provides that any person using an insured automobile with the permission of the named insured is an "insured" person. Millard Filmore Baker was the named insured, and there can be no question as to the fact that Lowell Baker had his father's permission to use the Austin at the time he loaned it to defendant Strampfer. He was, then, an "insured" person and is entitled to have the plaintiff defend any suit against him by reason of his having loaned the car to defendant Strampfer. He is also entitled to have the plaintiff satisfy any judgment that may be entered against him and pay on his behalf any sum or sums (within the limits of the policy) which he is, or may become, obligated to pay by reason of his having loaned his car to Strampfer.

There remain the questions of whether defendant Strampfer was an "in-

**240**

sured" under the omnibus clause of the policy and whether the defendants McKay are covered under the "Medical Payments" provisions of the policy.

 The required "permission of the named insured" may be either express or implied. Indiana Lumbermen's Mutual Ins. Co. v. Janes, 5 Cir., 230 F.2d 500. Strampfer clearly did not have the express permission of the named insured to use the Austin and, as I view the facts of this case, there is no warrant for finding an implied permission. The Supreme Court of Appeals of Virginia has said that such permission must reasonably be implied from the circumstances of the case and "involves an inference arising from a course of conduct or relationship between the parties, in which there is mutual acquiescence or lack of objection under circumstances signifying assent." State Farm Mutual Auto. Ins. Co. v. Cook, 186 Va. 658, 43 S.E.2d 863, 867, 5 A.L.R.2d 594, 599. Notwithstanding the liberal view which the Virginia court takes in the construction of the omnibus clause of liability insurance policies, Id., 5 A.L.R.2d at pages 598–599, there is no basis for a finding that defendant Strampfer was operating the Austin with the implied permission of the named insured. There is no evidence whatever as to any "course of conduct or relationship between the parties." There is no evidence that either even knew of the existence of the other, and the only basis on which this court could possibly find such implied permission would be a vicarious one—through defendant Lowell Baker. The very language of the Cook case, supra, negatives the existence in the law of Virginia of any such basis for so finding.

Accordingly, I must hold that defendant Strampfer was not an insured person within the meaning of the policy and that the plaintiff shall not be liable to pay any sum on his behalf or defend any suit against him by reason of his operation of the Austin at the time of the accident.

It necessarily follows that the plaintiff is not liable for any medical expenses incurred by or on behalf of defendant Randy McKay. Coverage C, Division 2(a), limits the plaintiff's liability for medical expenses of persons other than the named insured and relatives to those who are injured while occupying the automobile during the course of its use by an insured person.

The view which the court has taken of this case obviates any need to discuss at length the defendants' plea for a reformation of the insurance contract or the plaintiff's reply thereto. It is sufficient to point out that the court having found that the plaintiff, through its agent, waived the *known* disqualifying facts cannot also find that the agent was *mistaken* as to those same facts.

An order reflecting the decisions of the court with directions to the parties is this day entered.