## CIRCUIT COURT OF THE CITY OF RICHMOND

Provident General Ins. Co.

v.

Virginia Murray et al.

June 10, 1993

Case No. LS-3375

BY JUDGE T. J. MARKOW

This is a declaratory judgment in which the plaintiff insurance carrier asks the court to determine that Sherita Murray was operating a motor vehicle owned by her mother but without permission at the time of an accident that the carrier is called upon to insure. Issues of fact and of law were tried to the court sitting without a jury.

Sherita Murray was an eighteen year old high school student who had recently been licensed. Sherita and her infant child lived with her mother, Virginia Murray.

Upon receiving her operator's license, Sherita's mother told her that she could drive when she got her own car and was insured. There was no practice where the car was made available to Sherita for her general use. It was made available to her only for emergencies.

On the morning of the accident, it was learned that the infant's baby sitter was unavailable for sitting. Virginia Murray worked and Sherita Murray was to go to school. Virginia Murray's sister-in-law was called and said that she could watch the child but that she had an early afternoon commitment. Sherita Murray would not normally return from school until after 4:00 p.m., which was too late to relieve the sister-in-law. Virginia Murray gave Sherita permission to take her car to school so that she could leave early and relieve the baby sitter in time for the sitter to meet her early afternoon commitment.

The Murrays live in Mechanicsville. The sitter lived next door. Sherita Murray's school was less than five miles east of her home.

When Sherita got out of school, instead of going home to pick up her infant, she went to Richmond, some ten miles to the west of her home, to visit her boyfriend. On her way home from the social visit, Sherita Murray was involved in the accident which gives rise to this dispute. The carrier, Nationwide, argues that Sherita Murray was not a permissive user. The Murrays and the persons injured in the accident argue that permission was implied from the circumstances.

The policy in question was issued on April 22, 1989, under Va. Code Ann. § 38.2–2204(A). It is that section, the so-called "Omnibus Clause," which must be construed. The pertinent statutory language requires that insurance be extended to the "named insured, and any other person using or responsible for the use of the motor vehicle . . . with the expressed or implied consent of the named insured . . . ." Va. Code Ann. § 38.2–2204(A).

The omnibus clause is to be construed liberally in favor of coverage. *State Farm Mut. Auto Ins. Co. v. Cook*, 186 Va. 658, 43 S.E.2d 863 (1947). The concept of "implied consent" is even more liberally construed when there has been express consent for social as opposed to business purposes. *Liberty Mut. Ins. Co. v. Mueller*, 432 F. Supp. 325 (W.D. Va. 1977) *aff'd*, 570 F.2d 508 (4th Cir. 1978). The question of implied consent is to be determined by the trier of fact. *State Farm Mut. Auto Ins. Co. v. Cook, supra.* The burden of proof of consent rests on one claiming the permission. *Liberty Mut. Ins. Co. v. Venable*, 194 Va. 357, 73 S.E.2d 366 (1952). Permission to use a vehicle is not permission to use it for all purposes, including the permittee's own personal use. *State Farm Mut. Auto Ins. Co. v. Cook*, 186 Va. 658, 43 S.E.2d 863 (1947). The Supreme Court of Virginia has stated "that before the person using the automobile becomes an additional assured under the omnibus clause, permission must be expressly or impliedly given for that use." *Fidelity, etc., Co. v. Harlow*, 191 Va. 64, 59 S.E.2d 872 (1950).

In order for Sherita Murray to be covered under the policy, her use must have been with the mother's consent. "Consent" is described as "a concurrence of wills." "Consent is an active acquiescence as distinguished from 'assent' meaning a silent acquiescence." "Consent is an act of reason, accompanied with deliberation, the mind weighing as in a balance of the good or evil on each side." *Black's Law Dictionary*, 4th Ed. Inherent, then, in giving consent is knowledge of what one is approving. The knowledge may be actual or imputed. In order for

Sherita Murray to be covered here, knowledge of her use beyond the express directions of Virginia Murray must be imputed to Virginia Murray. On the facts here that cannot be done.

Virginia Murray had no knowledge of Sherita's intention to go beyond her expressed intention, there was no evidence of prior instances from which one could infer acquiescence or to otherwise imply consent; nor did Sherita Murray contend that she had any such authority. The evidence is all to the contrary. Virginia Murray's authorization of the use was for a limited specific purpose, to get home from school early so that the substitute baby sitter could be relieved. Virginia Murray denied having ever given permission for the daughter to use the car to visit the boyfriend, saying, "I didn't know anything about that." Nor are the facts such as to infer authority such as a short detour to get gasoline or even baby diapers, or to have another drive get the car home because Sherita Murray may have been incapacitated from driving. There is nothing here to support a view of consent for the use engaged in when the accident occurred.

## Order

The parties came for trial by the court on the issues joined on June 1, 1993, and evidence was presented and argument was heard.

For reasons stated in the court's letter opinion to counsel, it is ordered that there is no coverage available to Sherita Murray under a policy of insurance issued by the plaintiff, Provident General Insurance Company, and numbered A10174852 for any liability which may have been incurred in an automobile accident involving the defendant, Maurio D. Gray, on February 5, 1990, in the City of Richmond on South Harrison Street at or near the intersection with Wallace Street. The defendant's objections are noted.