CUDAHY PACKING CO. v. NEW AMSTERDAM CASUALTY CO.

(Circuit Court, S. D. Iowa, W. D. September 24, 1904.)

No. 523.

1. INSURANCE CONTRACT—LAW GOVERNING—INTEREST.

A claim arising under a policy of indemnity insurance which was signed by the insured in New York and is there payable is governed as to interest by the law of New York, although the policy may have been delivered in another state.

2. INDEMNITY INSURANCE—EXTENT OF INSURER'S LIABILITY—EXPENSES OF DEFENDING SUIT.

A policy insuring an employer against liabilities arising from injuries to its employés provided that the liability of the insurer, "arising from an accident resulting in injuries to one person" should be limited to $5,000; that when suit was brought it should be notified, and should have full charge of the case, which should be defended by its own counsel, and should not be settled, or the claim paid, without its consent. An action was brought against the insured for an injury to an employé, which was defended by the insurer, and resulted in a judgment for plaintiff for $6,500, which was subsequently affirmed on appeal, and paid by the insured. It also paid certain expenses incurred in the defense. Held, in an action on the policy, that the insurer was not entitled to a deduction of the amount it expended in defending the suit from the $5,000, but

¶ 1. What law governs insurance policies, see note to Corley v. Travelers' Protective Ass'n, 46 C. C. A. 287.

See Insurance, vol. 28, Cent. Dig. § 293.

that the insured was entitled to the full amount, with interest from the date of the judgment, and in addition to the amount it paid as expenses of suit.

At Law. On motions for direction of verdict.

Wright & Baldwin and J. C. Cowin, for plaintiff.

Greene, Breckenridge & Kinsler, for defendant.

McPHERSON, District Judge. The evidence of both parties being in, each party has moved for a verdict. The evidence is by an agreed statement of facts, and there is no question of fact for the jury. The plaintiff is engaged in slaughtering cattle, sheep, and hogs in South Omaha, and employs many laborers. The defendant is engaged in issuing contracts of indemnity. It issued, for a stipulated premium, a policy to plaintiff to indemnify it for all damages it might be required to pay to employés arising from personal injuries received by reason of defective machinery, etc., in and about the work. An employé by name of Antes received a serious injury, for which he brought suit in the United States Circuit Court for Nebraska, and he recovered judgment against the packing company for $6,500. That judgment was affirmed by the Circuit Court of Appeals for this circuit. 117 Fed. 118. Thereupon the packing company paid off the judgment. The packing company now seeks to recover from the guaranty company on account of the policy.

One question is, what rate of interest shall be allowed on the recovery? The rate of interest in New York and Iowa is fixed by law at 6 per cent., while in Nebraska it is 7. The evidence shows that the contract was both executed and countersigned in New York. By inference—and that only—the contract was delivered in Nebraska. But by special recital the policy is to be paid in New York. Therefore the New York laws will govern the rate of interest to be allowed.

The policy, among other things, provided: (1) The maximum liability in any one case is $5,000. (2) When suit is brought, notice shall be given the casualty company. (3) The casualty company shall make the defense, but in the name of the packing company. (4) The packing company shall not settle the case, excepting at its own expense. (5) The casualty company takes entire charge and is in full control of the litigation; and its counsel, and not the counsel of the packing company, shall appear in all the courts through which the case shall be taken. This kind of insurance is new, and no authorities have been presented by counsel, for the reason that the questions have not been before the courts. The judgment in favor of Antes against the packing company was rendered May 28, 1901. As stated, it was later on affirmed, and September 26, 1902, the packing company paid the judgment, aggregating the sum of $7,270.17, for principal, interest, and taxable costs. The packing company paid for printing and other items in defense $167.30. The casualty company incurred and paid in making defense $679.15, which it insists shall be deducted from the $5,000, while the packing company insists it is entitled to the sum of $167.30, its expenses, and the $5,000, with interest from the date of the judgment.

The case is within a very small compass. The policy recites: "The company's liability as aforesaid arising from an accident resulting in

injuries to one person is limited to $5,000." The other agreements in the policy are for the benefit of the casualty company. Through fear of collusion, no doubt, the casualty company must agree to a settlement or compromise before one is made. Through fear, no doubt, of a weak or collusive defense, the casualty company was to make defense by its own attorneys, and it to have sole charge of the defense. Now, because it elected to litigate, shall it now, when in the wrong all the way through, as determined in the former case, be allowed to offset its expenses? Had there been a recovery of but $3,000, then a like sum only could be recovered in this case. But because the company limited its liability to $5,000 "arising from an accident" is no reason for saying its expenses shall be deducted when the recovery was for $5,000 or more. The packing company did not make the expenses. It could not limit the expenses. It did not employ counsel, nor control the amount of fees. It could not stop the litigation. It could do nothing but await the judgment, and then pay it. It could not even do that until the judgment was affirmed. The spirit of all the recitals impress me with the belief that the proper construction to be given the policy is that the packing company should recover its expenses paid, which should have been paid by the casualty company, and $5,000, as of the date of the judgment. Of course, the casualty company had the right to litigate, but such right was at its peril. And there was a peril, because it was in the wrong. Legally, it can only be said that the $6,500 should have been paid without litigation. Therefore why should it be given a premium to the amount of its expenses for being in the wrong, and a wrong that the packing company could not prevent?

Defendant's motion for a credit for its expenses is overruled, and plaintiff's motion for its expenses and $5,000, with interest from the date of the judgment, is sustained.