CANNON MANUFACTURING COMPANY v. EMPLOYERS'
INDEMNITY COMPANY.

(Filed 4 December, 1912.)

1. **Insurance, Indemnity — Policy Contracts — Limited Liability — Judgments—Interest—Appeal and Error.**

A policy indemnifying an employer against loss for injuries received by his employees, limiting the insurer's liability in a certain sum for an injury caused to one person, containing a provision excluding the insured's interference with a settlement or the defense of an action brought by the employee, and requiring that no action shall lie against the insurer "respecting any loss or expense under this policy unless it shall be brought by the assured himself," does not exclude the insurer's liability

for interest on a final judgment rendered against the insured, though with the interest added, the amount of recovery exceeds that limited specifically in the policy.

**2. Money Judgments—Appeal and Error—Affirmance—Final Judgments—Interest.**

An appeal from a money judgment rendered in the Superior Court does not vacate the judgment, but only operates as a *cessat executio*, and when this judgment is affirmed on appeal, it becomes the final judgment of the court, bearing interest from its date.

APPEAL by defendant from *Justice, J.,* at September Term, 1912, of MECKLENBURG.

Controversy without action, heard by his Honor, *Judge Justice,* at September Term, 1912, of the Superior Court of Mecklenburg County. His Honor rendered judgment against defendant, and it appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Tillett & Guthrie for plaintiff.*
*Davis & Davis for defendant.*

BROWN, J. The defendant issued to plaintiff an employers' indemnity policy of the usual kind, contracting that in the event one of plaintiff's employees should bring a suit against the plaintiff for damages sustained by the alleged negligence of the plaintiff, the defendant would "at its own cost defend against such proceeding in the name of and on behalf of the assured, or settle the same," and providing also that the defendant's liability on account of injury to any one person should not exceed $5,000, and providing further that the assured should not settle the claim or incur any expense or interfere in any negotiations for a settlement or in any legal proceedings without the consent of the indemnity company.

At April Term, 1911, Ola Walker, administratrix of Odell Walker, obtained judgment against plaintiff for $4,951.40 and $121.73 costs. The case was appealed to this Court by the indemnity company and no error found and a new trial refused. 157 N. C., 133.

The only question presented on this appeal is the liability of defendant indemnity company for interest on the judgment from date of its rendition by the Superior Court.

The defendant insists it is not liable in excess of $5,000 and costs. The plaintiff paid the final judgment after a new trial was refused by this Court, the total sum being $5,363.62.

In the policy we find this clause:

"6. No action shall lie against the company respecting any loss or expense under this policy, unless it shall be brought by the assured himself to reimburse him for loss or expense actually sustained and paid in money by him in satisfaction of a final judgment against him."

We are of opinion that under this clause the defendant is bound to reimburse plaintiff the full amount paid out on the final judgment in the *Walker case,* inasmuch as the judgment when rendered did not exceed $5,000 and costs.

The courts of this country have been divided upon this question.

1. One class of decisions holds that the indemnity company is liable for interest, although it is in excess of the limit fixed in the policy.

2. Another class of decisions holds that the indemnity company is liable for interest from the rendition of the final judgment by the Supreme Court.

3. The third class of decisions holds that on account of the express terms of the contract limiting the amount to $5,000, the indemnity company is not liable for any interest if it carries the amount in excess of the limit fixed by the policy.

Under the first class of decisions are *Paper Co. v. Casualty Co.,* 92 Me., 574, and *Cudahy Packing Co. v. New Amsterdam Co.,* 132 Fed., 623. Both of these hold that the indemnity company is liable for interest from the time of the rendition of the judgment, although the interest carries the amount in excess of the limit in the policy.

We candidly admit that the third class of decisions is largely in the majority. They all base their judgments upon the ground that it is "so nominated in the bond." We think the reasoning

supporting those cases is technical and at variance with the purpose and meaning of the bond as well as elementary principles of justice.

In effecting such insurance the plaintiff was not purchasing a lawsuit, but indemnity. While it is provided that the defendant should have control of the litigation, it clearly was not contemplated that after judgment rendered the litigation should be indefinitely protracted by defendant at plaintiff's expense.

In one of the opinions of the third class we find the learned judge admits the injustice of his conclusion in these words: "While it seems inequitable to compel the plaintiff to pay the interest on the judgment accruing while the defendant was engaged in an ineffectual attempt to relieve itself from liability, the answer to it is that the parties otherwise agreed." *Trap Rock Co. v. Insurance Co.,* 128 N. Y. Supp., 822.

In that case we find a very strong dissenting opinion, from which we may with profit quote at length:

"We need not go into an extended discussion of the various provisions of the policy in question. We find in it a separate independent clause, providing what the rights and liabilities shall be in case the assured is sued on account of an accident. The policy provides that the assured shall not settle or litigate, but must turn the summons over to the insurer, which at its own cost will defend against the suit, or settle the same. The words 'at its own cost' attach themselves as much to the words 'or settle the same' as to the words 'defend against the suit,' so that we have the absolute agreement of the company to defend against any suit at its own cost, or to settle the suit at its own cost.

"An insurer does not at its own cost defend against a suit merely by employing lawyers, procuring the attendance of witnesses, and then leaving the assured to pay the judgment which may follow and leaving it to another action against the insurer for reimbursement. When the company agreed to defend against a suit or settle the same at its own cost, the agreement is broken if the assured is compelled to pay the judgment. The language in question casts the duty of payment upon the insurer, and after the summons is delivered to it, it assumes all

responsibility with reference to the suit, with the sole proviso that the limit of its liability on account of the damages to one person shall not exceed $5,000.

"The damages were liquidated in this case at just $5,000, and, therefore, as between these parties, the plaintiff was absolved from all responsibility with reference to the lawsuit or judgment. It was between them virtually a judgment against this defendant.

"When the judgment was recovered it merged the original cause of action, and the liability thereafter rested upon the judgment itself and not upon the cause of action upon which it was founded. The interest in question is awarded by law as damages for nonpayment of money when due. *Steiner v. Fourth Presbyterian Church,* 17 App. Div., 500, 45 N. Y. Supp., 524.

"It would, therefore, be unjust to charge upon the plaintiff the damages which the law has imposed on account of the delay and the neglect of the defendant. The interest in question does not represent any liability on account of or for the accident or the policy, but is a liability imposed by law for the delay of the defendant in paying the judgment which, as between the parties, it was legally obligated to pay. The interest, therefore, is the obligation of the defendant, and not of the plaintiff, and the plaintiff having been compelled to pay the same, is entitled to recover it without reference to the terms of the policy, other than that the judgment was to be paid by the defendant."

We think the decisions of the second class really are in accord with our views. They hold that the indemnity company is liable for interest from the time of the rendition of a final judgment by the appellate court.

Under our judicial system, this Court rarely ever enters judgment. It keeps no judgment docket such as is kept in the Superior Court, and issues no execution for money except for its own costs. The final judgment is rendered by the Superior Court, and while an appeal may be taken to review it and the trial which ended in it, yet the appeal does not vacate the judgment. It stands as the final judgment until set aside by this Court, and the bond given on appeal only operates as a *cessat executio.*

In the *Walker case* we rendered no technical judgment, but delivered an opinion finding "no error" on the trial in the lower court, and thereby affirmed the judgment of that court. The interest on that judgment from the date when rendered is an incident attaching to the judgment by operation of law as a penalty for delay in payment. This is the view taken by this Court in *Stafford v. Jones,* 91 N. C., 189, a case in point.

In this case it is said: "Where a mortgage is made to indemnify one against loss by reason of becoming surety upon a note executed to negotiate a loan to carry on business, and the mortgagor makes default: *Held,* that while a provision in the deed rendering the property liable for 'no more than $5,000,' is a limitation upon any increase of the debt, yet interest is recoverable as an incident to the debt.

"Any interest due on it, if not paid, was incident to and part of it. If Steele had paid the debt at maturity, he would have been entitled to interest upon the money so paid by him until he should be repaid. Why, then, should he not be indemnified for the incidental part of the debt as well as the debt itself? The nature of the transaction suggests that the indemnity should extend to the interest. Apart from the stipulations in the agreement, in the order of such things, the indemnity would extend to the interest, and taking the stipulations and qualifications in their spirit, they contemplate that it shall so extend."

The judgment of the Superior Court is

Affirmed.