William SNIDER, Administrator of the Estate of Rex John Snider, Deceased, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY a corporation, and the Aetna Casualty and Surety Company, a corporation, Defendants.

Civ. A. No. 71–79.

United States District Court, S. D. West Virginia, Charleston Division.

June 21, 1973.

Rudolph L. Di Trapano and Robert W. Lawson, III, of Di Trapano & Mitchell, Charleston, W. Va., for plaintiff.

Wilson Anderson, of Steptoe & Johnson, Charleston, W. Va., for defendant State Farm.

Winfield T. Shaffer and Charles Q. Gage, of Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., for defendant Aetna.

## MEMORANDUM ORDER

K. K. HALL, District Judge.

In this action plaintiff seeks to recover $22,000, together with costs and interest, from the two defendant insurance carriers under provisions of their respective automobile liability insurance policies in effect on November 22, 1967, when plaintiff's decedent was fatally injured in an automobile accident involving an uninsured motorist. In an action in the Court of Common Pleas of Kanawha County, West Vriginia, plaintiff recovered a $30,000 judgment against the uninsured motorist on October 21, 1970. The judgment has become final but remains unsatisfied. In the state court action plaintiff asserts that process was served on the two insurers, defendants in the present action here. This procedure appears to be in compliance with West Virginia's uninsured motorist statute, West Virginia Code, § 33–6–31(d). Plaintiff states he has demanded payment from the two defendants on bases that the uninsured motorist insurance provisions of their respective automobile liability insurance policies, as here involved, impose liability on the insurers under provisions of the West Virginia uninsured motorist statute. Tulley v. State Farm Mutual Automobile Insurance Co., 345 F.Supp. 1123 (S.D.W.Va. 1972).

Each of the defendants has moved to be dismissed from the action since its liability, if any, is limited to $10,000, less than the required jurisdictional amount under 28 U.S.C. § 1332(a). Defendant Aetna's position is that its policy limit is $10,000 with no additional medical coverage or other provisions calling for liability in excess of $10,000.* Defendant State Farm's position is that, while its policy calls for the $10,000 uninsured motorist insurance coverage and medical payments, plaintiff's failure to timely and properly claim medical payments now precludes plaintiff's claim therefor and State Farm's liability, if any, is limited to $10,000, less than the jurisdictional amount.

Plaintiff's pending motion for summary judgment is based on the proposition that no genuine issue as to any material fact remains for determination and that plaintiff is entitled to judgment against both defendants as a matter of law.

Following a hearing on the three pending motions, the Court, by order entered May 21, 1973, denied State Farm's motion, pending development of factual issues raised thereby, and delayed action on Aetna's motion to dismiss and plaintiff's motion for summary judgment for further consideration after receipt of memoranda from counsel concerning the Court's jurisdiction of the claim against Aetna. Counsel have submitted their memoranda which have been carefully considered in the light of the record in the action.

At a hearing on plaintiff's earlier motion for summary judgment, held on May 11, 1971, it was the Court's understanding that the parties were to stipulate facts. At a hearing on March 30, 1972, stipulation of facts was again discussed. At a hearing on April 2, 1973, attention was focused primarily on questions of jurisdiction. A complaint and an amended complaint have been filed. Defendants have answered and Aetna has filed an amended answer to the amended complaint. Three motions are

---

* At the time of the accident, decedent was riding in his employer's truck covered by an Aetna policy, while decedent's personally owned motor vehicle was covered by a State Farm policy.

pending, as above detailed. Neither of the two insurance policies, providing the uninsured motorist insurance coverage here in issue, has been brought into the record.

Plaintiff's memorandum, primarily on the issue of the Court's jurisdiction of the claim against defendant Aetna, takes the position that jurisdiction exists for the three reasons: (1) The $10,000 liability of Aetna incident to the $30,000 judgment in the state court with interest from the date of the judgment; (2) The interrelationship between the two policies here involved creates and constitutes a single cause of action exceeding the jurisdictional amount; and (3) Jurisdiction sustained as to State Farm and the interrelationship of the two policies supports pendent jurisdiction over Aetna.

Without delving into other bases of jurisdiction at this time, the Court finds and concludes that lawfully accrued interest on the state court judgment, added to the uninsured motorist coverage liability of each of the defendants, establishes the Court's jurisdiction in this action as to each of the defendants. Each defendant's insurance contract contained the uninsured motorist coverage required by law, West Virginia Code, § 33–6–31 and § 17D–4–2. The statute, § 33–6–31(b), requires that each such policy "shall contain an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." In the state court action plaintiff recovered a judgment for $30,000 on October 21, 1970, on account of the death for which recovery is here sought. As above noted, in the state court proceedings process was served on each of the defendant insurance carriers as provided in the statute, West Virginia Code, § 33–6–31(d). The valid, unsatisfied judgment establishes legal liability. Nothing else is required of the insured. W.Va.Code, § 33–6–31(g). Matthews v. Allstate Insurance

Co., 194 F.Supp. 459 (D.C.E.D.Va.1961). Both insurance carriers declined to pay the amount of their legal liability. In this action to recover thereon, defendants question the Court's jurisdiction. The state court judgment remains unsatisfied. Under the law of West Virginia, W.Va.Code, § 56–6–29 and § 56–6–31, the judgment bears interest from the date of the judgment. This interest is not the interest identified in the phrase "exclusive of interest and costs" in 28 U.S.C. § 1332(a), relating to jurisdiction based on amount in controversy and diversity of citizenship. Interest on the judgment which the insurers are obligated to pay is liability imposed by law. It is a part of the total liability on which the action is based. "Where the judgment in one action includes interest, the amount in controversy in a suit on the judgment is measured by the amount of that first judgment, including interest." Wright, Law of Federal Courts, § 35, at page 120 (1970). See Brown v. Webster, 156 U.S. 328, 15 S.Ct. 377, 39 L.Ed. 440 (1895). This will cause the obligation of each insurer to exceed the $10,000 provided in the insurance policy and in the state's uninsured motorist statute and will satisfy the amount in controversy requirements. American Automobile Insurance Co. v. Fulcher, 201 F.2d 751, 757 (4th Cir. 1953); Wilkerson v. Maryland Casualty Co., 119 F.Supp. 383 (D.C.E.D.Va.1953); Heavner v. State Automobile Insurance Co., 340 F.Supp. 391 (D.C.W.D.Va.1972); Safeway Moving & Storage Corp. v. Aetna Insurance Co., 317 F.Supp. 238 (D.C.E.D.Va.1970). In American Automobile Insurance Co. v. Fulcher, *supra*, 201 F.2d at page 757, the Court of Appeals of the Fourth Circuit observed:

It is also true, in the case of liability insurance, that the insurer is liable for the payment of interest even though such payment makes the total amount due more than the amount limited by the policy. Cudahy Packing Co. v. New Amsterdam Casualty Co., C.C., 132 F. 623; Rumford Falls Paper Co. v. Fidelity & Casualty Co.,

92 Me. 574, 43 A. 503. In Cannon Mfg. Co. v. Employers' Indemnity Co., 161 N.C. 19, 23, 76 S.E. 536, 537–538, where an insurer was held liable for interest and costs in excess of the limits of the policy, the court, commenting upon the nature of this additional liability, said:

"The interest in question is awarded by law as damages for non-payment of money when due. * * * The interest in question does not represent any liability on account of or for the accident or the policy, but is a liability imposed by law for the delay of the defendant in paying the judgment which, as between the parties, it was legally obligated to pay."

An analogous situation involving liability on a surety bond was presented in New Amsterdam Casualty Co. v. U. S. Shipping Board, 4 Cir., 16 F.2d 847. There, Judge Parker, speaking for this Court, observed, 16 F.2d at page 852:

"There can be no doubt that upon withholding payment it (the company) became liable for the amount due with interest from the time when it was its duty to have made payment, even though the addition of the interest causes the recovery to exceed the penalty of the bond."

It is clear, we think, that the liability stipulated in the policy is a contractual one relating solely to the risks insured against, and that it in no way affects the payment of interest on the judgment, which is a liability imposed by law. Nor does the obligation to pay interest impose any additional loss upon the insurance company. From the date the insured's liability became fixed, here April 25, 1950, the insurance company has been holding to its own use money rightfully due to the plaintiff. Manifestly there is no injustice in requiring it to account for the principal sum due, plus interest, when payment is finally made.

The principles and logic of the Court of Appeals decision are pertinent and applicable in the present case. See also Bryant v. Liberty Mutual Insurance Co., 407 F.2d 576 (4th Cir. 1969); Alford v. Textile Insurance Co., 248 N.C. 224, 103 S.E.2d 8 (1958); Annot., 76 A.L.R.2d 991 (1961); 2 Long, The Law of Liability Insurance, § 24.15 (1972); 7 Am. Jur.2d, Automobile Insurance, § 197 (1963); 44 Am.Jur.2d, Insurance, § 1685 (1969); Wright, Law of Federal Courts, § 35 (1970).

Defendant State Farm avers that plaintiff failed to timely and properly file a claim for medical payments in compliance with the terms of the insurance policy and is consequently not entitled to recovery for such payments in this action. Plaintiff's attorney in his affidavit avers that he timely called upon both insurers in writing for the medical payments and was advised by the agent of each insurer that the respective insurance policies did not provide medical payments coverage. He, relying on the agents' advices, states that he did not pursue further application procedures for medical payments. This position is substantiated by plaintiff's complaint and amended complaint wherein no recovery is sought for medical payments under the insurance policies.

Upon the foregoing findings and conclusions and upon the record as now before the Court, it is

Ordered that the motions of defendants, State Farm Mutual Automobile Insurance Company and The Aetna Casualty and Surety Company, to dismiss the action be, and each of them is hereby, denied, and that the plaintiff's motion for summary judgment against both defendants be, and it is hereby, granted. Accordingly, judgment will be and is hereby entered for plaintiff and against defendant, State Farm Mutual Automobile Insurance Company, for the sum of $10,000.00, together with lawful interest thereon from the date of the judgment in the state court, October 21, 1970, un-

til paid, and likewise judgment will be and is hereby entered for plaintiff and against defendant, The Aetna Casualty and Surety Company, for the sum of $10,000.00, together with lawful interest thereon from the date of the judgment in the state court, October 21, 1970, until paid.