2001 OK 58

**Albert C. McDONALD, Jr., Plaintiff–Appellant,**

v.

**Carl S. SCHREINER III, D.D.S.,**

and

**Carl S. Schreïner III, D.D.S., Inc., Defendants,**

**Continental Casualty Company, a foreign corporation, Garnishee–Appellee.**

**No. 95,657.**

Supreme Court of Oklahoma.

July 3, 2001.

---

Scott G. Robelen and Shawn D. Fulkerson, Oklahoma City, OK, for the plaintiff-appellant.

W. Michael Hill and Roger N. Butler, Jr., Secrest, Hill & Folluo, Tulsa, OK, for garnishee-appellee.

OPALA, J.

¶ 1 In conformity to the Uniform Certification of Questions of Law Act,[1] the United States Court of Appeals for the Tenth Circuit ("certifying court") submitted the following questions:

(1) Under Oklahoma law, where a professional liability insurance policy specifies coverage in terms of a stated dollar amount plus "claim expenses" (defined in turn as including "fees, costs and expenses which result from the investigation, adjustment, defense and appeal of a claim"), is prejudgment interest that accrues while the insurer decides to defend, rather than negotiate and pay, a claim considered a "claim expense"? If the answer to question (1) is no, then:

(2) Does Oklahoma law and public policy nevertheless require a professional lia-

---

1.  20 O.S.1991 §§ 1601 et seq. This Act was amended by Laws 1997, Ch. 61, § 1, eff. Nov. 1, 1997, and is now known as the Revised Uniform Certification of Questions of Law Act.

bility insurer to pay prejudgment interest in an amount in excess of the policy's liability limit?

¶ 2 As we understand the *first* question, it calls for an answer to whether prejudgment interest can be considered a "claim expense" within the meaning of the defendant's insurance policy when the insurer controls the course of the litigation. *We answer in the affirmative.* The provisions of § 727(E) allow prejudgment interest to be recovered upon personal injury damages.[2] Where the insurer has complete control of litigation, prejudgment interest is the direct result of the insurer's conduct and must be considered an expense "which results from the investigation, adjustment, defense and appeal of a claim." We hence need not address the second question.

## I

## THE ANATOMY OF FEDERAL LITIGATION

¶ 3 Albert C. McDonald ("McDonald") was given a $1,135,000.00 state-court judgment against Carl S. Schreiner III, a dentist, and his business ("Schreiner") for malpractice that occurred in 1998. The judgment also provides for recovery of $237,300.00 in prejudgment interest authorized by the terms of 12 O.S.1991 § 727(E). Continental Casualty Company ("Continental") insured Schreiner for professional liability.[3] His policy's liability coverage limit is $1,000,000.00 *plus* "claim expenses in addition to our limit of liability."[4] McDonald garnished the proceeds of the policy and then entered into a settlement with Schreiner and Continental. By its terms it was agreed that McDonald be paid the policy limit of $1,000,000.00, post-judgment interest and court costs. Schreiner

waived the right to appeal from the judgment, but *the agreement did not release Continental from any contractual obligation regarding the payment of prejudgment interest.* McDonald and Continental now litigate their dispute over whether, under the terms of the professional liability insurance policy, Continental is liable for prejudgment interest as an asserted "claim expense" of the policy, which constitutes *an obligation in addition to its specified liability coverage limit.*

¶ 4 The district court treated McDonald's response (and objection to garnishee's answer) as a quest for summary judgment. It concluded that, under the terms of the policy, prejudgment interest does not qualify as a claim expense. Summary judgment went to Continental and McDonald appealed. McDonald's quest for review by the United States Court of Appeals for the Tenth Circuit seeks that court's pronouncement declaring prejudgment interest to be a "claim expense" that arises from the defense conduct, for the expenses of which Continental undertook to indemnify the insured beyond the policy's liability coverage limit.

## II

## THE NATURE OF THIS COURT'S FUNCTION WHEN ANSWERING QUESTIONS FROM A FEDERAL COURT

¶ 5 While in answering the queries posed by a federal court the parameters of state-law claims or defenses identified by the submitted questions may be tested, it is not this court's province to intrude (by its responses) upon the certifying court's decision-making process.[5] The latter court must be

---

**2.** 12 O.S.1991 § 727(E).

**3.** The policy provides that "[t]he limit of liability stated for each claim is the limit of all liability for all injury or damage arising out of or in connection with the same or related dental event."

**4.** The insurance policy states: Section XVIII: Definitions. "Claim Expenses" means: (A) fees charged by an attorney we designate; and (B) all other fees, costs, and expenses which result from the investigation, adjustment, defense and appeal of a claim. These expenses must be incurred by

us, or by you with our prior written consent. "Claim Expenses" does not include: (A) salary charges of our regular employees or Company officials; or (B) fees and expenses of independent adjusters.

**5.** See Uniform Laws Annotated, Uniform Certification of Questions of Law Act/Rule (1995); Goldschmidt, Certification of Questions of Law; Federalism in Practice, American Judicature Society (1994).

left entirely free to assess the impact of our answers and then *make its own appraisal of the proof in the case before it.*[6]

¶ 6 Because this case *is not before us for decision,* we refrain as we must from applying the declared state-law responses to the facts in the federal-court litigation, which are tendered for review by the certifying court either in the form of evidence adduced at trial or by acceptable probative substitutes (the so-called "evidentiary materials").[7] The task of analyzing today's answers for their application to this case is deferred in its entirety to the certifying court.

## III

### PREJUDGMENT INTEREST FALLS WITHIN THE INSURER'S DEFINITION OF A CLAIM EXPENSE

■■■■ ¶ 7 When statutorily authorized, prejudgment interest is an item of recovery that constitutes an integral part of the judgment debtor's total adjudged liability that is recovered. It stands in the law as an item of damages owed for the delayed satisfaction of an obligation on which it accrues.[8] In the

absence of adverse statutory or constitutional provisions, the common law imposes on the insurer liability for prejudgment interest. The insurer is obligated to pay the costs of, or interest on, a judgment recovered against the insured even though these added items may bring the total payment beyond the policy limits.[9] It is the insurance company's responsibility to draft, for inclusion in its policy, language that is clear and will allow it to escape such liability. The language of an insurance policy must be accepted in its plain, ordinary, and popular sense.[10] A clear reading of the contract here in suit logically lends itself to including interest as a cost of investigation. Even if the contract were ambiguous, Oklahoma law would require that the policy be interpreted against the drafting party.[11]

■■■■ ¶ 8 Prejudgment interest obligation is (a) *a consequence* of delay caused by the decision to defend against the claim, (b) *constitutes* an expense incident to the chosen course of litigation,[12] and (c) *presents* a recovery component that stems directly from the insurer-adopted set of forensic strategy

6. *See, e.g., Shebester v. Triple Crown Insurers,* 974 F.2d 135, 137 (10th Cir.1992).

7. *Schmidt v. United States,* 1996 OK 29, ¶ 7, 912 P.2d 871, 873; *Brown v. Ford,* 1995 OK 101, ¶ 4, 905 P.2d 223, 226; *Bonner v. Oklahoma Rock Corp.,* 1993 OK 131, ¶ 1, 863 P.2d 1176, 1178 n. 3; *Shebester v. Triple Crown Insurers,* 1992 OK 20, ¶ 8, 826 P.2d 603, 606 n. 4.

8. *May-Li Barki, M.D., Inc. v. Liberty Bank and Trust Co.,* 1999 OK 87, 20 P.3d 135, 142–143; *Fleet v. Sanguine, Ltd.,* 1993 OK 76, 854 P.2d 892, 899. Interest was originally conceived by Roman law as a debtor's penalty for delay or default in a loan's repayment. See Leadham, INTEREST AND USURY, in 2 PALGRAVE'S DICTIONARY OF POLITICAL ECONOMY 432 (Higgs ed.1925). The penalty was measured by *id quod interest*—that which stands "in between"—i.e., the difference between the creditor's current position and what it would have been if the loan had been repaid on time. Leadham, *supra.* See also W. Ashley, AN INTRODUCTION TO ENGLISH ECONOMIC HISTORY AND THEORY 196 (1966); C. McCormick, LAW OF DAMAGES § 51, pp. 207–208 (1935).

9. This is the current common-law norm that governs a liability insurer's obligation to the insured. 8 Appleman, Insurance Law and Practice (1962 ed.), § 4899, pgs. 361–363; *See also* Rev. Vol. 8A Appleman and Appleman, Insurance Law and Practice With Forms, § 4894.25 (1981); *Powell*

*v. T.A. & C. Taxi* Co., 104 N.H. 428, 430, 188 A.2d 654, 655 (1963).

For its exoneration of liability for prejudgment interest insurer presses *Carney v. State Farm Mut. Auto. Ins. Co.,* 877 P.2d 1113, 1119 (Okl. 1994). Settled by *Carney* was the insurer's liability for prejudgment interest that, together with the amount of the judgment, *exceeded* the coverage limit. The question we resolve today is not the same. Before us is solely the issue whether, under the terms of the policy in suit, the insurer may be liable *for prejudgment interest as an item of "claim expense".* In short, *Carney* does not support the insurer's argument that prejudgment interest due in this case should be excluded from the rubric of "claim expense".

10. *Wiley v. Travelers Insurance Co.,* 1974 OK 147, ¶ 16, 534 P.2d 1293, 1295; *Penley v. Gulf Ins. Company,* 1966 OK 84, ¶ 16, 414 P.2d 305, 308.

11. *Simpson v. Farmers Ins. Co., Inc.,* 1999 OK 51, ¶ 10 & n. 4, 981 P.2d 1262, 1269. When an insurance contract provision is ambiguous, words of inclusion will be *liberally* construed *in favor* of the insured and those of exclusion will be *strictly* construed *against* the insurer.

12. *Consolidated Underwriters v. Richards' Adm'r,* 276 Ky. 275, 124 S.W.2d 54, 59–60 (1939) (ruling that the insurer is liable for interest, penalties and costs in cases where it elects to contest

choices. All of the litigation-attendant expenses are within the direct and exclusive control of the insurer. The latter party investigates the claim and chooses whether to settle or defend it. Delay is a product of the insurer's will and conduct. The longer the delay, the more prejudgment interest accrues. Without an obligation for that interest insurers would be provided with incentive to prolong litigation in order to take advantage of the time value of money still in their hands.[13]

¶ 9 An inspection of the insurance policy's terms reveals the presence of insurer's absolute control over the course of the litigation. The policy states:

*We have the right and will defend any claim.* We will:

1. do this even if any of the charges of the claim are groundless, false, or fraudulent;

2. investigate any claim as we feel appropriate

3. not settle any claim without your consent.[14]

¶ 10 The policy clearly provides that the insured must (a) notify Continental in writing of any possible claims and (b) furnish the names and addresses of the injured persons or of the witnesses. The insured also must furnish information regarding time, place, and nature of the event and immediately

forward all documents received in connection with the claim. Lastly, the insured must cooperate in making settlements, in lawsuits or other proceedings, including attending trials and hearings, assisting in searching for and giving evidence and in securing the attendance of witnesses.[15] The insured could in no way affect or limit the amount of time to be spent in these endeavors; he should hence not now be held liable for attendant delay.[16]

¶ 11 Continental argues prejudgment interest that is in excess of the policy's liability limit is not a claim expense and points out that the policy does not *in haec verba* list prejudgment interest as a claim expense. While the quantum of prejudgment interest does depend on the date judgment is given, the amount of that recovery component is solely within the insurer's power to control. It would not arise but for Continental's decisions as unquestionable *dominus litis.*[17] Shifting to the insured the attendant financial burden of waging litigation the insurer undertook to conduct in the defense of the claim would contravene the clear language of the policy.

## IV

## SUMMARY

¶ 12 In answer to the first question we declare that, under Oklahoma law, prejudg-

---

the claim, as well as for the judgment rendered against its assured). See also *Aetna Life Insurance Company v. Bowling Green Gaslight Company,* 150 Ky. 732, 150 S.W. 994, 997 (1912) (holding that where the contract of insurance stipulated the insurer would pay a fixed sum as indemnity to the assured, and additionally would pay the expenses of litigation, if litigation was waged by its direction, the words "expenses of litigation" include the costs of the suit incurred by the assured, the damages awarded the claimant on an appeal by the assured and the interest that accrued on the judgment against assured).

13. *Nodaway Valley Bank v. Continental Casualty Company,* 916 F.2d 1362,1368 (8th Cir.1990). See also *West Virginia v. United States,* 479 U.S. 305, 310–11 & n. 2, 107 S.Ct. 702, 706–7 & n. 2, 93 L.Ed.2d 639 (1987); *General Motors Corp. v. Devex Corp.,* 461 U.S. 648, 655–56 & n. 10, 103 S.Ct. 2058, 2062 & n. 10, 76 L.Ed.2d 211 (1983); *Lorenzen v. Employees Retirement Plan,* 896 F.2d 228, 236–37 (7th Cir.1990); *Gorenstein Enter.,*

*Inc. v. Quality Care–USA, Inc.,* 874 F.2d 431, 436–37 (7th Cir.1989); see generally D.Dobbs, Handbook on the Law of Remedies § 3.5, at 165–74 (1973).

14. *See* Appellant's Appendix A, Professional Liability Coverage Part–Dentists/Oral Surgeons, I. Coverage Agreements.

15. *See* Appellant's Appendix A, Professional Insurance Coverage–Common Policy Conditions.

16. See *Cudahy Packing Co. v. New Amsterdam Cas. Co.,* 132 F. 623, 625 (D.C.Iowa 1904) (noting that the insurance company is liable for such costs and expenses *in addition* to the limitation in the policy, where the policy reserves for the company the right to conduct the defense of the action against the insured and thus deprives the insured of any power of interference or settlement).

17. The person who makes the decisions in a lawsuit. Black's Law Dictionary, Seventh Edition, 1999.

ment interest may be regarded as a "claim expense" within the terms of the policy in suit. It arises from the investigation, defense, and appeal of a lawsuit, whose conduct is controlled solely by the insurer. We need not address the second question.

¶ 13 HARGRAVE, C.J. and WATT, V.C.J., OPALA, KAUGER, SUMMERS and WINCHESTER, JJ., concur;

¶ 14 LAVENDER, J., concurs in result.

¶ 15 BOUDREAU, J., dissents.

¶ 16 HODGES, J., disqualified.